MICHAEL K. BRISBIN (SBN: 169495)
Email: Michael.Brisbin@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

NICOLE Y. POMERANTZ (SBN: 177284)
Email: Nicole.Pomerantz@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorney for Plaintiff,
**AMERICAN GENERAL LIFE INSURANCE COMPANY**

FILED
CLERK, U.S. DISTRICT COURT
JUN 14 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL.**

PJW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AMERICAN GENERAL LIFE INSURANCE COMPANY,

Plaintiff,

v.

ALI DERAKHSHANFAR; A&J INTERNATIONAL GROUP, INC. DBA A&J FINANCIAL INSURANCE SERVICES; MASOUD MALEKZEDEH; BEVERLY HILLS SURGICAL INSTITUTE, LLC AND DOES 1 THROUGH 10

Defendants.

Case No.: CV12-00164-SJO (PJWx)

**STIPULATED PROTECTIVE ORDER GOVERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND CONFIDENTIAL MATERIALS BY PARTIES AND NON-PARTIES**

FRCP 26(c)(1)

Note Court's change to ¶ 14. PJW

After conferring on the disclosure of confidential information in this case, it is stipulated and agreed to by and among plaintiff, AMERICAN GENERAL LIFE INSURANCE COMPANY ("AGLIC") and defendants, ALI DERAKHSHANFAR ("DERAKHSHANFAR"), A&J INTERNATIONAL GROUP, INC., DBA A&J FINANCIAL INSURANCE SERVICES ("A&J"), MASOUD MALEKZEDEH ("MALEKZEDEH"), BEVERLY HILLS SURGICAL

1

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1

INSTITUTE, LLC, and BEVERLY HILLS SURGICAL CENTER, LLC ("BHSC"), (hereinafter referred to individually as "PARTY" or collectively as "PARTIES"), through their attorneys of record, on behalf of themselves and any non-PARTY or non-PARTIES, that pursuant to FRCP 26(c)(1) the PARTIES declare good cause exists for the protections provided under this Order.

1. The term "this litigation" as used in this Order shall refer to the above-captioned matter entitled *American General Life Insurance Company v. Ali Derakhshanfar, et al.*, United States District Court, Central District, case no.: CV-12-00164 SJO (PJWx) as well as the adversary matter entitled *American General Life Insurance Company v. Ali Derakhshanfar,* in the United States Bankruptcy Court, Central District, case no.: 2:12-bk-39562-BR.

2. This Order shall apply to all documents produced by PARTIES and non-PARTIES.

3. As used herein, the phrase "CONFIDENTIAL MATERIAL" is defined as follows:

   (a) Any document produced in response to a discovery request, or subpoena, or as part of a PARTY'S voluntary disclosure which may be designated confidential by any PARTY. The designation will be made by either (1) stamping the cover or first page of each such document with the word "CONFIDENTIAL", or if the document is already in the possession of a PARTY, by notifying all PARTIES in writing of the designation.

   (b) The "CONFIDENTIAL" designation should only be made where the designating PARTY in good faith believes that the information is "CONFIDENTIAL" within the scope of this document.

   (c) "CONFIDENTIAL" shall mean any information or document that includes or contains proprietary information, confidential financial or business information, trade secrets, contract, rate, fee reimbursement, competitively sensitive data, business or operation manuals, procedures and guidelines, including those related, pertaining or referring to reserve calculations, reserves, policy administration, policy issuance, underwriting, surrender, replacement, independent contractor or broker applications or agent/broker contracts, appointments and all other

information or documents detailing any of the insurance carriers', or it agents', practices, and procedures. "CONFIDENTIAL" documents ("CONFIDENTIAL DOCUMENTS") and materials ("CONFIDENTIAL MATERIALS"), as those terms are used herein, shall mean business products, practices, or procedures that, in the ordinary course of business, are not voluntarily disclosed to the public or to third persons or entities that do not have a need to know. Documents or materials that concern, reflect, embody or constitute the foregoing may include, but shall not be limited to, correspondence, memoranda, notes, claim manuals, underwriting manuals, company manuals, budget information, reserve information, operation procedures, vendor contracts, videotapes, graphs, charts, other financial information, and deposition or trial transcripts and exhibits thereto.

(d) "CONFIDENTIAL DOCUMENTS" shall also include documents involving private details of a person's life, personal financial information including a person's pay, savings, or spending habits, medical information, and any other information which, if made public, might cause a reasonable person to be subject to embarrassment, scorn or ridicule.

(e) At the time as such documents or information designated by any PARTY as "CONFIDENTIAL," are received, if it is contended by any other PARTY that any such documents or information, as a matter of law and/or fact, do not reasonably constitute information that is or should be considered confidential, proprietary, trade secrets, competitively sensitive data, or private information, that PARTY has the right to contest that designation, by filing a motion under seal with the Court, no later than 30 days after the parties agree the meet and confer process will not resolve their dispute, requesting that the Court inspect the documents and/or information in camera, for the purpose of determining whether or not such documents and/or information should be designated as "CONFIDENTIAL". In the event that any PARTY files such motion, the PARTIES agree that until such time as the Court makes a determination on the motion, the PARTIES will treat

3

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)

the documents and/or information in question as being "CONFIDENTIAL" in accordance with the terms of this stipulation.

(f) The PARTY who files the motion referenced in the immediately preceding paragraph, 3(e), shall initiate the dispute and corresponding meet and confer process by providing written notice of each and every designation it is challenging and describing the basis for each challenge. The written notice must be made no later than 21 days after production of the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS and the written notice must refer to this specific paragraph number, 3(f), to avoid any ambiguity about whether a PARTY is challenging a CONFIDENTIAL designation. The PARTY challenging a CONFIDENTIAL designation must complete the meet and confer process before they can file a motion with the Court pursuant to paragraph 3 (e).

(g) Documents designated as CONFIDENTIAL in 3(a) above are expressly subject to the Court's ruling upon its confidentiality in the event any PARTY seeks to challenge such a designation. The Court has the exclusive right to review and rule upon the confidentiality of the documents, testimony, or material designated as CONFIDENTIAL pursuant to this Order. The PARTIES reserve the right to seek review of the substance of any documents marked as CONFIDENTIAL through this Court. Nothing in this paragraph is intended to or shall abrogate any right of appeal or right to the writ procedure to seek appellate review.

(h) If it comes to a PARTY'S attention that CONFIDENTIAL MATERIALS or CONFIDENTIAL DOCUMENTS that it designated for protection do not qualify for protection, that PARTY can and shall promptly notify all other parties that it is withdrawing the mistaken designation.

(i) An inadvertent failure to designate CONFIDENTIAL MATERIALS or CONFIDENTIAL DOCUMENTS as such does not, standing alone, waive the PARTY'S right to designate said MATERIALS or DOCUMENTS as CONFIDENTIAL so long as the PARTY designating the MATERIALS or

4

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1

DOCUMENTS makes reasonable efforts to notify all PARTIES that the MATERIAL or DOCUMENTS are CONFIDENTIAL no later than 15 business days after the MATERIAL and/or DOCUMENTS are initially produced. Upon receipt of the timely correction all PARTIES, their counsel, and their witnesses, must make and take all reasonable efforts to ensure the MATERIALS and/or DOCUMENTS are treated in accordance with the provisions of this Order.

4. No person, PARTY or non-PARTY shall show, copy, convey or otherwise directly or indirectly disclose any information subject to this Protective Order to anyone, except as hereinafter set forth in this Order, and all such persons are further ordered and enjoined from disclosing CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL to any other persons. All CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL produced in this litigation shall be used solely for purposes of preparing for and conducting this litigation and shall not be used, directly or indirectly, for any other purpose whatsoever.

5. CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL shall only be disclosed to the following "QUALIFIED PERSONS" who may review (and in some cases be provided) copies of the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL upon being informed of this Order:

(a) The attorneys of record working on this litigation and their paralegals, secretaries, and other employees;

(b) Expert witnesses or consultants who are assisting counsel in the preparation for, and trial of, this litigation and who execute the "Agreement to Be Bound by the Protective Order, attached hereto as Exhibit A";

(c) Any PARTY to this litigation;

(d) Any witness who may be shown copies of CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS as part of a deposition but who shall not be provided with or keep any copies of said CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS separate from the exhibits to that

5

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1

deposition and who execute the "Agreement to Be Bound by the Protective Order, attached hereto as Exhibit A";

(e) Any witness who may be shown copies of CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS in order to prepare the witness for trial or deposition but who shall not be provided with or keep any copies of said CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS and who execute the "Agreement to Be Bound by the Protective Order, attached hereto as Exhibit A";

(f) Any court reporter entrusted with exhibits to a deposition as part of his or her task in reporting the deposition. CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) All Court staff, jurors, or other persons necessary for the conduct of any deposition (e.g., videographer), trial, hearing, or appeal in this matter; and

(h) Insurance company personnel, representatives, adjustors or other like persons assigned to work any claim for coverage of, or the providing of a defense to, any PARTY defendant to this action.

6. No copies, summaries, or abstracts of said information shall be made by the PARTIES for distribution to or for use by persons other than QUALIFIED PERSONS as set forth herein.

7. The PARTIES and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved and all questions of admissibility may be asserted at the time of trial of this action in which such CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS are used or proffered should any such PARTY deem it proper.

8. Any PARTY claiming that information designated by any other PARTY as confidential has been in the possession of the public prior to disclosure of such information in

6

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1

discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

9. By this stipulation the PARTIES do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either PARTY.

10. Nothing in this Protective Order, including Paragraph 6, shall require any PARTY to secure a signed Non-Disclosure Agreement from the Court, any officer or employee of the Court, any juror, any witness testifying in open court, any court reporter, or any witness in a deposition.

11. Nothing in this Protective Order shall preclude the PARTIES, from agreeing by written stipulation only, to permit the use of the protected information in other cases pending before this or other Courts.

12. In preparation of this litigation, counsel for any PARTY may retain copy services and exhibit enlargement services to copy and/or enlarge CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL and may provide them with such material for copying, scanning, or enlargement, without requiring execution of a confidentiality agreement on condition that (1) such companies not retain copies after duplication and (2) they be informed that the documents being copied are CONFIDENTIAL under Court Order.

13. All documents containing information subject to this Protective Order, and notes or other records regarding the contents thereof, shall be maintained in the custody of counsel receiving such information, or other Qualified Person(s), and no partial or complete copies thereof shall be retained by anyone else at any location other than the offices of counsel or other QUALIFIED PERSON(S), unless otherwise authorized by an Order of this Court or by a written stipulation of the PARTIES, by and through their counsel.

14. Where any CONFIDENTIAL DOCUMENTS, CONFIDENTIAL MATERIALS, or CONFIDENTIAL information derived from any source, are included in any motion or other proceeding for Under Seal filings, the PARTY shall follow California Rules of

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1
7

Court, Rules 2.550 and 2.551, as well as any applicable FRCP and local rule 79-5 of the United States Central District Court which also governs the United States Central District Bankruptcy Court, if the motion and/or other proceeding is governed by the aforementioned Rules. With respect to any motion or other proceeding ***not*** governed by California Rules of Court, Rules 2.550 and 2.551, the FRCP, or local rule 79-5 of the United States Central District Court, the latter which also governs the United States Central District Bankruptcy Court, the following shall apply: If CONFIDENTIAL DOCUMENTS, CONFIDENTIAL MATERIALS, or CONFIDENTIAL information derived from any source, are submitted to or otherwise disclosed to the Court in connection with any motion and/or proceeding, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "**CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED. THE CONTENTS OF THIS SUBMISSION SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON OTHER THAN THE ATTORNEYS IN THIS CASE AND/OR THE COURT AND/OR ITS PERSONNEL.**"

PJW

15. The trial exhibit list shall have a designation for all proposed exhibits which constitute CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL, in order to alert the Court and all PARTIES as to the fact that such documents are subject to this Order, and the PARITES will cooperate with the Court in the design of a protocol to properly maintain the confidentiality of such exhibits as are submitted to the Court. All PARTIES will cooperate with the Court and its personnel in submitting CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL as trial exhibits in a fashion that protects the confidentiality of that material.

16. This Order shall not preclude counsel for any PARTY from using in the course of depositions any such document or information which has been designated as CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL under the terms hereof. However, prior to such use:

8

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1

    (a) Counsel using such CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL shall make reference to the confidentiality of the document or information;

(b) All persons not authorized pursuant to this Order to receive such CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL shall be excluded from that portion of the deposition or other proceedings during which the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL is used; and

(c) In the event that the original deposition or other proceeding transcript and its exhibits are filed with the Court, the deposition, other proceeding transcript and exhibits shall be placed under seal in an envelope bearing the following designation:

**"CONFIDENTIAL MATERIAL: IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THIS COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON OTHER THAN ATTORNEYS IN THIS CASE OR THE COURT AND ITS PERSONNEL."**

17. All copies of such deposition transcripts, other proceeding transcripts, and exhibits thereto to the extent that they contain or pertain to confidential documents, information, summaries or exhibits shall be treated as CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL pursuant to the terms of this Order.

18. If a PARTY is served with a subpoena or an Order issued in other litigation that would compel disclosure of any CONFIDENTIAL MATERIALS, DOCUMENTS, or other information or items designated in this action as CONFIDENTIAL the PARTY must:

(a) promptly notify in writing the PARTY who designated the MATERIALS or DOCUMENTS CONFIDENTIAL of the subpoena or Order and provide a copy of the same;

9

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1028042.1

(b) promptly notify in writing the counsel who caused the subpoena or Order to issue in the other litigation that some or all of the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS requested are covered by this Stipulated Protective Order; and

(c) cooperate in all reasonable procedures sought and pursued by the PARTY who designated the CONFIDENTIAL MATERIALS and/or DOCUMENTS.

(d) If the PARTY designating the CONFIDENTIAL MATERIALS and DOCUMENTS timely files a motion regarding the production of said CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS, then none of the PARTIES served with the subpoena, Order, or copy thereof, shall produce any CONFIDENTIAL MATERIALS or DOCUMENTS before a determination by the Court of the propriety of said subpoena or Order.

19. Within ten (10) days of the execution of a Release and Settlement Agreement by the PARTIES, or within thirty (30) days of the conclusion of the trial, retrial, if any, exhaustion of all review and appeals or the right to further review and appeals, or within ten (10) days upon dismissal of all claims and defenses in this action, with or without prejudice, all CONFIDENTIAL MATERIALS or CONFIDENTIAL DOCUMENTS, including all copies of such documents or information shall be returned to counsel for the designating PARTY. Alternatively, within ten (10) days of the execution of a Release and Settlement Agreement by the PARTIES, or within thirty (30) days of the conclusion of the trial, retrial if any, exhaustion of all review and appeals or the right to further review or appeals, or within ten (10) days upon dismissal of all claims and defenses in this action, with or without prejudice, counsel for the non-designating PARTY can destroy said CONFIDENTIAL MATERIALS or CONFIDENTIAL DOCUMENTS themselves so long as they do so in a secure manner (e.g. shredder) ***and*** provide a declaration identifying which CONFIDENTIAL MATERIALS and DOCUMENTS were destroyed and setting forth the date, time, location , and manner in which the CONFIDENTIAL MATERIALS or CONFIDENTIAL DOCUMENTS were destroyed.

10

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1

20. For all CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIALS filed or lodged with the Court, within thirty (30) days after the conclusion of the trial, retrial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, the PARTY who provided said CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL to the Court, shall make all necessary motions, file all necessary documents, and take every necessary action to obtain the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL from the Court. Upon receipt of the CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL from the Court the PARTY receiving said CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL shall return all CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL received from the Court to the producing PARTY'S respective counsel.

21. The provisions of this Order, insofar as they restrict the communication and use of CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL produced hereunder or information obtained from CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL, shall continue to be binding after the conclusion of this litigation unless permission is given pursuant to further Order of this Court.

22. The Court shall expressly reserve the right and jurisdiction to make such further protective orders, and/or modify, extend or terminate this Order, as may be required to protect the PARTIES and the secrecy, confidentiality, proprietary and trade secret aspect of any information or CONFIDENTIAL DOCUMENTS and/or CONFIDENTIAL MATERIAL to be revealed through the discovery process.

23. The terms of this Stipulated Protective Order shall remain fully active until released by written consent of the PARTIES. The Court shall retain jurisdiction over the PARTIES, this Stipulated Protective Order, and recipients of CONFIDENTIAL DOCUMENTS, and/or CONFIDENTIAL MATERIALS for the sole purpose of enforcing this Stipulated Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Stipulated Protective Order

11

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1038042.1

shall continue to be binding as to the CONFIDENTIAL DOCUMENTS, and/or CONFIDENTIAL MATERIALS, and/or information produced pursuant to it.

24. The PARTIES agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all PARTIES and the Court, and any violations of its terms shall be subject to the same sanctions and penalties as if the Stipulated Protective Order had been entered by the Court.

**IT IS SO STIPULATED.**

Dated: June 12, 2013

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: ______________________
Michael K. Brisbin
Nicole Pomerantz
Attorneys for Plaintiff
**AMERICAN GENERAL LIFE INSURANCE COMPANY**

Dated: June , 2013

**LAW OFFICES OF FARIBA RAHIMI**

By: ______________________
Fariba Rahimi
Attorneys for Defendants
**ALI DERAKHSHANFAR and A&J INTERNATIONAL GROUP, INC. DBA A&J FINANCIAL INSURANCE SERVICES**

Dated: June , 2013

By: ______________________
**ALI DERAKIHSHANFAR**
On Behalf of Himself

12

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1028042.1

shall continue to be binding as to the CONFIDENTIAL DOCUMENTS, and/or CONFIDENTIAL MATERIALS, and/or information produced pursuant to it.

24. The PARTIES agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all PARTIES and the Court, and any violations of its terms shall be subject to the same sanctions and penalties as if the Stipulated Protective Order had been entered by the Court.

**IT IS SO STIPULATED.**

Dated: June , 2013

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: ______________________
Michael K. Brisbin
Nicole Pomerantz
Attorneys for Plaintiff
**AMERICAN GENERAL LIFE INSURANCE COMPANY**

Dated: June 11, 2013

**LAW OFFICES OF FARIBA RAHIMI**

By: ______________________
Fariba Rahimi
Attorneys for Defendants
**ALI DERAKHSHANFAR and A&J INTERNATIONAL GROUP, INC. DBA A&J FINANCIAL INSURANCE SERVICES**

Dated: June , 2013

By: ______________________
ALI DERAKHSHANFAR
On Behalf of Himself

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
13

Dated: ~~June~~ MAY 29, 2013

LEIB LAW CORPORATION

By: ______________________
Daniel Leib
Robert Leib
Attorneys for Defendant
**MASOUD MALEKZEDEH, BEVERLY HILLS SURGICAL INSTITUTE, LLC, AND BEVERLY HILLS SURGICAL CENTER, LLC**

**ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL.** PJW

**IT IS SO ORDERED.**
**DATED:** JUN 14 2014

UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order Governing Production of Confidential Documents and Confidential Materials by Parties and Non-Parties
Case No.: CV12-00164 SJO (PJWx)
1032927.1

13